UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN JEFFRIES, | ) | CIV. 11-5033-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## INTRODUCTION

Having pled guilty to a charge of abusive sexual contact with a child (in violation of 18 U.S.C. §§ 1153, 2241(a) and (c), and 2246(2)), and being sentenced to 360 months imprisonment, petitioner Brian Jeffries now seeks habeas relief pursuant to 28 U.S.C. § 2255. See Docket No. 1. The government moves to dismiss Mr. Jeffries' motion without benefit of an evidentiary hearing. See Docket No. 9. The district court, the Honorable Karen E. Schreier, Chief Judge, referred this case to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTS

Brian Jeffries was indicted on two charges of aggravated sexual abuse of two minor children who were over the age of 12 but under the age of 16. See United States v. Jeffries, CR 07-50103, Docket No. 1 (D.S.D). Mr. Jeffries later entered into a written plea agreement whereby the government offered to allow

him to plead guilty to a single count of the lesser charge of abusive sexual contact of a child (in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3)). See id. at Docket No. 20.  Under the terms of the written plea agreement, the government agreed to dismiss the two charges in the indictment.  Id. at Docket No. 22.  The government also stipulated to a number of things affecting the calculation of Mr. Jeffries' sentencing range under the United States Sentencing Guidelines (USSG).  Id.  The government agreed to recommend a three-point reduction in his base offense level for acceptance of responsibility unless "there is significant evidence disclosed in the presentence investigation to the contrary."  Id. at page 2, ¶ 4.  The government also stipulated that Mr. Jeffries' base offense level should be a 30, that he should receive a four-point increase in the offense level for using acts of force in committing the crime, and a two-point increase in the offense level due to the age of the victim. Id. at ¶ 5.  The government agreed not to ask for a departure upward from the USSG range.  Id. at ¶ 4.  Both parties to the agreement stipulated that they would argue for a sentence within the USSG range.  Id.  Mr. Jeffries waived his right to appeal except in the event that the district court departed upward from his USSG in imposing his sentence.  Id. at page 4, ¶ 8.

There was a written statement of factual basis that accompanied the plea agreement.  See id. at Docket No. 23.  In that statement of facts, Mr. Jeffries

agreed that he had used force to touch the victim's genitalia underneath her clothing.  Id.

After Mr. Jeffries signed the written plea agreement, but before he orally entered a plea of guilty, he sent a letter to the district court informing the court of "the actual facts in [his] case."  See Docket No. 37.  In the letter, Mr. Jeffries acknowledged that his actions were wrong because of the difference in age between himself and the victim, but denied that he had used force and insisted that the relationship was consensual.  Id.

At his change of plea hearing, Mr. Jeffries was questioned about the letter.  See Transcript of Change of Plea Hearing, Docket No. 52, pages 2-7.  At the hearing, he asked the district court to disregard the letter and reaffirmed the statement of factual basis.  Id.  When the Presentence Investigation Report (PSR) was being prepared in anticipation of sentencing, Mr. Jeffries sent a similar letter to the probation office.

At his plea hearing, the charges were read and Mr. Jeffries was advised that the maximum penalty was life imprisonment.  See id. at page 5. Mr. Jeffries testified under oath that he did not want to go to trial but wanted to plead guilty.  Id.  He stated that he was satisfied with his trial counsel's services.  Id.  Mr. Jeffries told the court that he was 35 and had completed school through the 10th grade.  Id. at 8-9.  He stated that he had been enrolled

in a program for mental illness twice.  Id. at 9.  He told the court that he was not then under the influence of any medication, drug, or alcohol.  Id.

Mr. Jeffries told the court that he had received a copy of the superseding information and had gone over it carefully with his trial counsel a "couple times."  Id.  He again reiterated that he was fully satisfied with his counsel's representation.  Id. at 10.

Mr. Jeffries testified that he had signed the written plea agreement and statement of factual basis.  Id. at 10.  He told the court that he had read the written plea agreement and the statement of factual basis before he signed it.  Id.  Once again, he told the court that he had gone over each of these documents carefully with his lawyer.  Id.  Mr. Jeffries told the court that he had no questions about either document even now.  Id.

Mr. Jeffries told the court that no one had made any promises to him to get him to plead guilty other than the promises contained in the written plea agreement.  Id. at 11.  He said no one had attempted in any way to force him to plead guilty.  Id.  Mr. Jeffries told the court that he understood that the USSG calculation of his sentence might be different that what he and his lawyer talked about and that the court might sentence him to a sentence that was either higher or lower than the USSG range.  Id. at 11-12.

Mr. Jeffries' counsel told the court that he had himself told Mr. Jeffries about his constitutional rights and that counsel felt Mr. Jeffries understood

4

them.  Id. at 13.  The court then advised Mr. Jeffries of his constitutional rights on the record and in open court.  Id. at 13-14.  The court then had the prosecutor advise Mr. Jeffries of the essential elements of the crime with which Mr. Jeffries was charged.  Id. at 14-15.

Following these advisements, Mr. Jeffries pleaded guilty to the charge in the superseding information.  Id. at 16.  At that point, the district court found that Mr. Jeffries was fully competent and capable of entering an informed plea. Id.  The court found that Mr. Jeffries' plea of guilty was both knowing and voluntary and was supported by a factual basis which contained each of the essential elements of the offense.  Id.  The court accepted Mr. Jeffries' plea and adjudged him guilty.  Id.

On July 30, 2008, Mr. Jeffries was sentenced.[1]  The PSR calculation of Mr. Jeffries' USSG range did not include the three-point downward adjustment in his offense level for acceptance of responsibility as contemplated by the plea agreement.  The author of the PSR based that decision not to apply the acceptance-of-responsibility provision due to the two letters Mr. Jeffries had written, as referenced above.[2]  See Transcript of Sentencing Hearing, Docket

---

[1] Mr. Jeffries was originally sentenced by the Honorable Andrew W. Bogue, Senior United States District Judge.

[2] The initial PSR prepared in Mr. Jeffries' case calculated his total offense level at 38, without the three-point reduction for acceptance of responsibility. He would otherwise have been in criminal history category III, but the PSR placed him in category V due to the application of USSG § 4B1.5(a).  The total

No. 54, at pages 3-5.  Mr. Jeffries had objected to this decision in the PSR, and his counsel explained that Mr. Jeffries never denied that he acted unlawfully. Id.  Rather, Mr. Jeffries wrote the letters to explain the context in which the crime occurred, so that the court would not think that he committed the crime "out of the blue."  Id.

The district court then asked the government counsel to respond to Mr. Jeffries' objection.  Government counsel responded equivocally.  She did not affirmatively recommend that Mr. Jeffries get credit for acceptance of responsibility, as the government agreed to do in the plea agreement.  Id. at 708.  She tacitly acknowledged that there were no grounds for her to argue that there was significant evidence disclosed in the PSR that contradicted Mr. Jeffries' acceptance of responsibility.  Id. at 6.  She also did not recommend that Mr. Jeffries be denied such credit.  Id. at 6-7.   She stated that "the Court is on firm ground in not giving acceptance" and that "the Court is well armed at this time to make your decision as to whether or not he's truly accepted responsibility."  Id. at 7, 10.

Later in the hearing when the court was preparing to rule on Mr. Jeffries' objections to PSR, government counsel interjected and asked, "If I may?"  Id. at 11.  She then proceeded to point out material in the PSR where Mr. Jeffries

---

offense level of 38 and the criminal history category of V yielded a USSG range for Mr. Jeffries of 360 months to life imprisonment.

placed responsibility for the crimes on the victim and where he indicated remorse only at being caught and not for committing the crime itself.  Id.  She then reiterated her comment that the court would be on "firm ground to look at those thoughts of the defendant in determining whether or not he's truly accepted responsibility for his actions with this young girl."  Id.

Mr. Jeffries then made a statement himself.  Id. at 12.  He stated that he had had a past consensual relationship with the victim, but that on the occasion which formed the basis for the charge against him, he admitted that he had forcibly had intercourse with the victim.  Id.  He stated that he accepted responsibility for that forcible act and that he was very upset with himself for not choosing to do the right thing.  Id.  The sentencing court overruled Mr. Jeffries' objection to the PSR and denied him credit for acceptance of responsibility.  Id. at 14-15.

The district court then stated that the adjusted offense level, given his rulings on Mr. Jeffries' objections, was 38 and that Mr. Jeffries was in criminal history category V.  Id. at 16.  Those calculations yielded a sentencing range under the USSG of 360 months to life imprisonment.  Id.  The government counsel then recommended a sentence of imprisonment at the "upper end" of the USSG range, arguing that a sentence of only 30 years would mean that Mr. Jeffries would be released from prison at the "relatively young" age of 60. Id. at 19-20.  Government counsel argued that 60 years old is not too old to

continue perpetrating sex acts against children.  Id.  She also argued that Mr. Jeffries past established a patterns of such acts on his part.  Id.

Mr. Jeffries' counsel objected to the PSR's calculation of his USSG sentencing range without credit for acceptance of responsibility.  He did not object to the government's equivocal comments regarding acceptance of responsibility as a breach of the plea agreement.

The court then imposed a sentence of 400 months imprisonment.  Id. at 20; Docket No. 43.  A motion for extension of time to file a notice of appeal was made and granted, and Mr. Jeffries filed his notice of appeal on August 26, 2008.  See id. at Docket No. 47.

On appeal, Mr. Jeffries raised two issues.  First, he argued that the government had breached the plea agreement by not affirmatively recommending that Mr. Jeffries receive credit for acceptance of responsibility under the USSG.  See United States v. Jeffries, 569 F.3d 873, 874 (8th Cir. 2009).  Second, he argued that the court had erred in enhancing his sentence based on a prior conviction.  Id.  The Eighth Circuit reversed and remanded for resentencing.  Id.

As to the prosecution's conduct, the court noted that Mr. Jeffries had not objected to the prosecutor's comments at sentencing.  Id. at 875-76.  Therefore, this issue was reviewed for plain error.  Id.  The Eighth Circuit rejected Mr. Jeffries' argument about the prosecutor because the error, if any, was

"neither clear nor obvious." Id. at 876.  The court placed some of the blame on Mr. Jeffries himself for muddying the waters by writing the two letters.  Id.

As to the second argument, Mr. Jeffries argued it was error for the sentencing court to apply USSG § 4B1.5(a), a sentencing enhancement for "Repeat and Dangerous Sex Offender Against Minors." Id. at 877.  The effect of the application of this provision in Mr. Jeffries' case was to shift him from criminal history category III to category V under the USSG.  Id.  Section 4B1.5(a) applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." Id. This provision defines "sex offense conviction" as, *inter alia*, a sex offense "perpetrated against a minor." Id. (citing USSG Manual § 4B1.5(a) cmt. n.3(A)(ii) (2008)).

The Eighth Circuit examined Mr. Jeffries' prior conviction and, although there was a factual basis for that offense, there was no indication in the record whether the victim of that offense was a minor as required for § 4B1.5(a) to apply.  Id.  The court found that the sentencing court's application of § 4B1.5(a) to be clear error in the absence of evidence of record that Mr. Jeffries' prior conviction involved a minor victim.  Id.  The court therefore reversed and remanded for resentencing as to the § 4B1.5(a) issue.  Id.

On September 28, 2009, Mr. Jeffries was resentenced.  See United States v. Jeffries, CR 07-50103, Docket No. 75 (D.S.D. Sept. 28, 2009).  The district court, after receiving additional evidence and briefing from the parties, decided that the enhancement provided in USSG § 4B1.5(a) did not apply to Mr. Jeffries.[3]  See id. at Docket No. 81, pages 35-37.  Given this conclusion by the district court, Mr. Jeffries' sentencing range under the USSG was 292 to 365 months imprisonment (a total offense level of 38 and a criminal history category of III).[4]  Id. at page 41.  Citing the need to protect young girls and young women from Mr. Jeffries' predations, for which he had established a pattern, the district court imposed a sentence of 360 months imprisonment at the upper end of the USSG range.  Id. at page 46-48.  Mr. Jeffries again timely appealed.  Id. at Docket No. 76.

The single issue presented in Mr. Jeffries' second appeal was whether the district court's sentence was reasonable.  United States v. Jeffries, 615 F.3d 909, 910 (8th Cir. 2010).  Reviewing for abuse of discretion, and applying a presumption of reasonableness because the sentence was within the USSG range, the Eighth Circuit affirmed.  Id. at 910-12.  The court rejected

---

[3]Mr. Jeffries was resentenced by the Honorable Karen E. Schreier, Chief Judge, upon remand.

[4]Mr. Jeffries total offense level set forth in the amended PSR for the second sentencing hearing was 38.  The PSR again did not apply the three-point reduction for acceptance of responsibility.

Mr. Jeffries' counsel's argument that the post-prison civil commitment authority provided to the government under the Adam Walsh Act required the district court to give less weight to the need to protect the public when sentencing a sex offender such as Mr. Jeffries.  Id.

The Eighth Circuit issued its mandate on August 26, 2010.  Mr. Jeffries filed his § 2255 habeas petition in this case on April 4, 2011.[5]  See Jeffries v. United States, Civ. 11-5033, Docket No. 1 (D.S.D.).  In his petition, Mr. Jeffries asserts the following grounds for relief:

1.  ineffective assistance of his trial counsel for not investigating the victim of the offense Mr. Jeffries was charged with and for not objecting to the prosecutor's sentencing remarks;

2.  violation by the prosecution of the plea agreement in breaking a promise that "she would not argue to 215 [in return for Mr. Jeffries'] guilty plea"; and

3.  ineffective assistance of his trial counsel for not representing Mr. Jeffries' interests "in a fashional [sic] manoror [sic]."

Id.

Mr. Jeffries clarifies these cryptic statements in his brief in opposition to the government's motion to dismiss.  He explained that his trial counsel told him that the prosecutor agreed to recommend a sentence of no more than 215

---

[5]Mr. Jeffries' § 2255 petition is, therefore, timely filed within the one-year statute of limitations provided for federal habeas actions.  See 28 U.S.C. § 2255(f).

11

months imprisonment if he pled guilty.[6]  See id. at Docket No. 10, page 1.  He asserts that his counsel did not allow him to read the plea agreement or to have a copy of that document.  Id.  He further asserts that his trial counsel was ineffective for failing to object when the prosecutor sought a life sentence.  Id.  He argues that his trial counsel was ineffective for failing to interview the victims of the crimes Mr. Jeffries was charged with.  Id.  If his attorney had so investigated, Mr. Jeffries asserts that his "argument would have made a difference."  Presumably, "my argument" is a reference to the letters Mr. Jeffries wrote to the court and to probation in anticipation of his first sentencing.

The government now moves the court to dismiss Mr. Jeffries' petition in its entirety without holding an evidentiary hearing.  Mr. Jeffries opposes the motion.

## DISCUSSION

### A.  Procedural Default

The government argues in its brief that Mr. Jeffries has procedurally defaulted on some of his claims because he did not raise them on direct appeal.

---

[6]Mr. Jeffries actually has two conflicting statements.  In one, he acknowledges that his plea agreement established a sentencing range of 219 to 292 months.  In the other statement, he argues that the plea agreement established a sentence of 215 months.

Accordingly, the court addresses this argument first before addressing the merits of Mr. Jeffries's petition.

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the petitioner has shown either actual innocence or that the procedural default should be excused because there was both cause for the default and prejudice to the petitioner. McNeal, 249 F.3d at 749. Therefore, a petitioner must show both cause for why he failed to raise these issues on direct appeal as well as actual prejudice caused by these errors.

A plea of guilty precludes a petitioner from raising claims in a § 2255 petition alleging violations of rights *prior to* the plea. Brady v. United States, 397 U.S. 742, 748 (1970). However, a plea of guilty does not waive arguments regarding the validity of the plea itself, including allegations of ineffective assistance of counsel during the plea process. United States v. Timmreck, 441 U.S. 780 (1979); Fontaine v. United States, 411 U.S. 213 (1973); Sanders v. United States, 373 U.S. 1 (1963).

Ineffective assistance of counsel claims are generally not reviewed on direct appeal and are properly addressed in a 28 U.S.C. § 2255 motion such as

13

the one here.  See United States v. Lee, 374 F.3d 637, 654 (8th Cir. 2004) (ineffective assistance of counsel claims are not generally cognizable on direct appeal and will be heard only to prevent a miscarriage of justice or in cases where the district court has developed a record on the issue).  Therefore, no procedural default analysis is required before examining Mr. Jeffries' claims of constitutionally-deficient counsel.

Mr. Jeffries only asserts one claim in his petition that is not premised on ineffective assistance of counsel.  He asserts that the prosecutor violated his constitutional rights by breaching the plea agreement.  A claim is deemed to have been properly presented and exhausted even if the appellate court did not address the claim on the merits and instead rejected it on a procedural ground. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Teague v. Lane, 489 U.S. 288, 298 (1989); Smith v. Digmon, 434 U.S. 332, 333-34 (1978).[7]  Here, Mr. Jeffries fairly presented this issue to the Eighth Circuit.  The Eighth Circuit addressed this issue on the merits, although it reviewed the issue under a "plain error" standard.  Jeffries, 569 F.3d at 874-75.  The court holds that Mr. Jeffries's claim against the prosecutor is not procedurally defaulted.

---

[7]Although these cases all involve petitions for habeas relief in federal court by state prisoners under 28 U.S.C. § 2254, the procedural default rules applicable in § 2254 cases have equal application in § 2255 cases like this one. Frady, 456 U.S. at 166-69.

The claim based directly on the prosecutor's conduct is barred by another doctrine, however–the law of the case doctrine.  The law of the case doctrine provides that issues raised and decided on direct appeal cannot be relitigated in a § 2255 proceeding.  United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) (citing United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) (*per curiam*)).  Thus, this court concludes that the issue raised by Mr. Jeffries premised directly on a violation of his constitutional rights by the prosecutor cannot be considered again by this court in this § 2255 proceeding.  That claim should be dismissed with prejudice.

**B.   Ineffective Assistance of Counsel**

   **1.   The Standard Applicable to Such Claims**

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel.  U.S. Const. amend. VI.  The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " Strickland v. Washington, 466 U.S. 668, 698 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)).  Strickland is the benchmark case for determining if counsel's assistance was so defective as to violate a criminal defendant's Sixth Amendment rights and require reversal of a conviction.  Id. at 687.  "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of

reasonableness." Id. at 687-688.  The defendant must also show that counsel's unreasonable errors or deficiencies prejudiced the defense and affected the judgment.  Id. at 691.  The defendant must show, "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.  In sum, a defendant must satisfy the following two-prong test.  Id. at 687.

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id.

Where a habeas petitioner was convicted on the basis of a plea of guilty, the second part of the Strickland test is slightly modified.  Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997).  In such a context, the petitioner "must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Prior, 107 F.3d 654, 661 (8th Cir. 1997)).

"There is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." Hall v. Luebbers, 296 F.3d 685, 692 (8th Cir. 2002).  It is the petitioner's burden to overcome this presumption, and a "petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." Id.  Counsel's conduct must be judged by the standards for legal representation which existed at the time of the representation, not by standards promulgated after the representation.  Bobby v. Van Hook, ___ U.S. ____, 130 S. Ct. 13, 16 (2009) (per curiam).  American Bar Association standards and similar directives to lawyers are only guides as to what reasonableness of counsel's conduct is, they are not its definitive definition.  Id. at 16-17.

The Supreme Court distinguishes between those cases in which the new evidence "would barely have altered the sentencing profile presented to the sentencing judge," and those that would have had a reasonable probability of changing the result.  Porter v. McCollum, ___ U.S. ___, 130 S.Ct. 447, 454 (2009).  In assessing the prejudice prong, it is important for courts to consider "the totality of the available mitigation evidence–both that adduced at trial, and the evidence adduced in the habeas proceeding"–and "reweigh it against the evidence in aggravation." Id. at 453-54.  It is not necessary for the petitioner to

show "that counsel's deficient conduct more likely than not altered the outcome" of his case, only that there is "a probability sufficient to undermine confidence in [that] outcome." Porter v. McCollum, ___ U.S. ___, 130 S. Ct. 447, 455-56 (2009) (quoting Strickland, 466 U.S. at 693-94).

Judicial scrutiny of attorney performance is highly deferential, with a strong presumption that counsel's conduct falls within the range of reasonable professional conduct. Strickland, 466 U.S. at 698. The court now applies this standard to Mr. Jeffries' claims of ineffective assistance of his trial counsel.

### 2.    Alleged Failure by Trial Counsel to Investigate the Victims

At his change of plea hearing, Mr. Jeffries told the first district court which handled his case that he was completely satisfied with the manner in which his lawyer had represented him. He did not object to his lawyer's performance at his plea hearing nor later at his sentencing hearing. When discussing the letter Mr. Jeffries had written to the court, the court asked Mr. Jeffries whether he wanted to go to trial. Mr. Jeffries said he did not. He wanted to plead guilty.

As stated above in section A, a plea of guilty precludes a petitioner from raising claims in a § 2255 petition alleging violations of rights *prior to* the plea. Brady, 397 U.S. at 748. However, a plea of guilty does not waive arguments regarding the validity of the plea itself, including allegations of ineffective assistance of counsel during the plea process. Timmreck, 441 U.S. 780, 784-

18

85 (1979); <u>Fontaine v. United States</u>, 411 U.S. 213 (1973); <u>Sanders v. United States</u>, 373 U.S. 1 (1963).

Mr. Jeffries presents no argument to undermine the validity of his plea. Reviewing the transcript of the plea hearing, the court concludes that any such argument as to the invalidity of the plea would be unsuccessful.  It is clear that the court advised Mr. Jeffries of everything he had a right to be advised of. Mr. Jeffries testified under oath to all the facts necessary to support the sentencing court's conclusion that he was competent to enter a plea, that his plea was knowing and intelligent, and that he was pleading guilty voluntarily. At no time has Mr. Jeffries asserted that, had his counsel investigated the victims in his case, Mr. Jeffries would not have pleaded guilty.  <u>See</u> <u>Matthews</u>, 114 F.3d at 113-14 (where guilty plea was entered, <u>Strickland</u> requires petitioner to show that he would not have pleaded guilty but for counsel's deficient performance).

Furthermore, when asserting ineffective assistance of counsel for failure to investigate a witness, the petitioner must establish who the witness was and what their testimony would have been.  <u>Barnett v. Roper</u>, 541 F.3d 804, 809 (8th Cir. 2008).  Here, Mr. Jeffries never alleges what the victims in his case would have testified to had his trial counsel contacted them.[8]  Habeas relief

---

[8]The court assumes without deciding that trial counsel did not investigate the victims.  Should an evidentiary hearing be held (if the district court rejects this magistrate judge's recommendation for dismissal), both sides

cannot issue on this basis.  Mr. Jeffries' claim that his counsel was ineffective for failing to investigate the victim(s) in his case should be dismissed with prejudice both because it is conduct by counsel predating Mr. Jeffries' valid plea and because Mr. Jeffries has failed to show how the victim(s) would have testified.

### 3.    Alleged Failure to Provide Fashionable Representation

In his brief in opposition to the government's motion to dismiss, Mr. Jeffries reiterates under the heading of "fashionable representation" that his trial counsel did not investigate the victims.  This claim should be dismissed for the reasons discussed above.

Mr. Jeffries also states that his trial counsel "only did ½ of his job and tried to pawn [him] off" on another lawyer.  See Docket No. 10.  No further explanation is given as to what this assertion of lack of "fashionable respresentation" entails.  Where a habeas petitioner states only "bald legal conclusions" with no supporting factual allegations, the claim for habeas relief may be denied on this ground.  Sanders v. United States, 373 U.S. 1, 20 (1963).  The court cannot fathom a constitutional violation from what Mr. Jeffries has stated.  Accordingly, this claim should be dismissed with prejudice.

––––––––––––––––––

would be free to introduce evidence as to what counsel actually did in this regard.

### 4.    Failure to Object to the Prosecutor's Breach of the Plea Agreement at the First Sentencing Hearing

The real gravamen of Mr. Jeffries' ineffective assistance claim is that his lawyer was deficient in failing to object to the prosecutor's breach of the plea agreement during his first sentencing hearing.  "Allowing the government to breach a promise that induced a guilty plea violates due process." United States v. E.V., 500 F.3d 747, 751 (8th Cir. 2007) (citing Santobello v. New York, 404 U.S. 257 (1971)).  Thus, if Mr. Jeffries' trial counsel failed to object to the prosecutor's breach, in effect, counsel allowed Mr. Jeffries due process rights to be violated.

"Plea agreements are contractual in nature and should be interpreted according to general contractual principles." E.V., 500 F.3d at 751 (citing United States v. Jensen, 423 F.3d 851, 854 (8th Cir. 2005)).  The plea agreement obligated the government to affirmatively recommend that Mr. Jeffries receive three points downward adjustment in his base offense level for acceptance of responsibility.  See CR. 07-50103, Docket No. 22, page 2, ¶ 4. The only exception was if the government found substantial evidence to the contrary in the PSR.  Id.

The prosecutor conceded at the first sentencing hearing that there was *not* substantial evidence justifying her from withdrawing from this promised recommendation.  Id. at Docket No. 54, page 6, lines 4-8; page 7, lines 7-10. However, despite this concession, the prosecutor never affirmatively

21

recommended that Mr. Jeffries receive the three-point adjustment.  Id.  In fact, the prosecutor did all she could to convince the district court to withhold credit for acceptance of responsibility, stating that the court would be on firm ground in so doing, and that the court was "well armed" to deny credit for acceptance of responsibility.  Id. at page 11, lines 8-11.

Mr. Jeffries' trial counsel did not object to the prosecutor's remarks at sentencing.  He objected to the PSR, but not to the prosecutor's remarks.  Nor did trial counsel point out to the district court that the prosecutor's remarks were in violation of the plea agreement.  This argument was raised for the first time on appeal.[9]

It is clear to this court that the prosecutor breached the plea agreement. The agreement required her to recommend that Mr. Jeffries get three points downward adjustment under the USSG for acceptance of responsibility.  See CR 07-50103, Docket No. 22, page 2, ¶ 4.  Even the Eighth Circuit acknowledged that the prosecutor failed to ever affirmatively make that recommendation at the first sentencing.  Jeffries, 569 F.3d at 875 (stating that "[a]t no point did the AUSA affirmatively recommend a reduction based on acceptance of responsibility. . .").

---

[9]Counsel's failure to object to the breach of plea agreement does not undermine the validity of his prior plea.  Puckett v. United States, 556 U.S. 129, ___, 129 S. Ct. 1423, 1430 (2009).

Despite the presumption that "any challenged action was sound trial strategy," Hall, 296 F.3d at 692, the court does not assume that Mr. Jeffries' counsel's failure to object was strategic.  He objected to the PSR's failure to credit him for acceptance of responsibility.  He, in fact, raised the breach of contract issue belatedly on appeal.  He obviously wanted to preserve this issue.

Faced with the choice of preserving an issue decided adversely against your client and having that issue reviewed *de novo,* or preserving the same issue and having it reviewed for plain error, any reasonable trial counsel would prefer to receive *de novo* review on appeal.  There would be no strategy in obtaining appellate review on a standard of review that does not favor your client.  This leads the court to infer, for purposes of the government's motion only, that Mr. Jeffries' counsel did not make a deliberate decision at the sentencing hearing not to object to the prosecution's statements.  Rather, it appears to be an oversight.  Perhaps counsel felt he *was* protecting his appellate record simply by lodging the objection he raised to the PSR.

The fact that it *was* raised on appeal, the government now argues, and that the Eighth Circuit addressed this issue on the merits, means that Mr. Jeffries cannot show Strickland prejudice in his current habeas petition. The court does not agree.

This oversight by trial counsel was not without prejudice Mr. Jeffries. Had trial counsel objected to the prosecutor's statements at the sentencing

hearing, the issue of whether the prosecutor had breached the plea agreement would have been preserved for appeal and would have been reviewed on a *de novo* basis.  E.V., 500 F.3d at 751; United States v. Austin, 255 F.3d 593, 596 (8th Cir. 2001).  Instead, the Eighth Circuit reviewed this issue in Mr. Jeffries' case for "plain error."  Jeffries, 569 F.3d at 875-76.  The difference between *de novo* review and plain error review is substantial.

Reviewing *de novo* means that the appellate court decides the issue anew for itself.  No deference is given to the lower court's determination of the issue.  Salve Regina College v. Russell, 499 U.S. 225, 230 (1991).

When an appellate court reviews for "plain error," the decision below will be affirmed unless the appellate court determines that (1) there was an error that was (2) clear or obvious and (3) that the error affected the appellant's substantial rights, "which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings."  Jeffries, 569 F.3d at 876 (citing Puckett v. United States, 556 U.S. 129, 129 S. Ct. 1423 (2009)).  In such a case, the appellate court has the *discretion*, but is *not obligated*, to remedy the error.  Puckett, 556 U.S. at ___, 129 S. Ct. at 1429.

This case appears to have presented a close question on appeal, even applying plain error review.  The Eighth Circuit was clearly bothered by the prosecutor's failure to affirmatively recommend that Mr. Jeffries receive credit for acceptance of responsibility.  The court noted the prosecutor's defalcation

twice, stating "[a]t no point did the AUSA affirmatively recommend a reduction based on acceptance of responsibility." Jeffries, 569 F.3d at 875.  It also stated that, "[n]o recommendation [for acceptance of responsibility] was made, and **the government's arguments against the reduction could be considered as stronger than its argument for the reduction**, which amounted to a simple acknowledgment of its previous commitment and a refusal to expressly support the denial." Id. at 876 (emphasis supplied).  The appellate court also noted that "when the government reneges on a plea deal, the integrity of the system may be called into question, . . ." Id. (quoting Puckett, 556 U.S. at ___, 129 S. Ct. at 1433).

Had the Eighth Circuit been applying *de novo* review, there is a reasonable probability that the outcome on the issue of the breach of the plea agreement may have been different.  Porter, ___ U.S. ___, 130 S.Ct. at 454 (habeas petitioner need only show a reasonable probability of a different outcome in order to establish Strickland prejudice).  The reason the Eighth Circuit was not applying *de novo* review was due to counsel's alleged error.

A "defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway . . . or because he likely would not have obtained those benefits in any event. . ." Puckett, 556 U.S. ___, 129 S. Ct. at 1432-33.  Here, Mr. Jeffries did not receive the benefit of his bargain with

25

the government despite the government's breach of the agreement.  Nor can the court say with certainty that, had the government affirmatively recommended credit for acceptance of responsibility, the sentencing court would not have given it to him.  Unlike the defendant in the <u>Puckett</u> case, this court cannot view the application of acceptance of responsibility credit to Mr. Jeffries as "ludicrous."  <u>Id.</u>

Here, the sentencing transcript from Mr. Jeffries' first sentencing hearing clearly reveals that the district court was not committed to a particular course of action with regard to giving credit for acceptance of responsibility.  The court asked for and relied upon the input from the government.  The court stated, "I have never seen anything quite like this" and "[i]t is most difficult."  CR 07-50103, Docket No. 54, page 7, line s 11-12, 22.  He also stated, "I am not terribly happy about the situation as it exist right this moment because of the position that I have referred to heretofore about the two positions being miles apart."  <u>Id.</u> at page 11, lines 12-15.

Later, when Mr. Jeffries told the court that it didn't mean to make the court upset, the court responded, "I am not unhappy with you, because you have a perfect right to state your position at any time.  So don't let that worry you.  I am not offended by your statement.  I am unhappy that the two positions [of Mr. Jeffries and the government] are so far apart that it makes it an unusual situation, to say the least."  <u>Id.</u> at page 12, lines 23-25; page 13,

26

lines 1-2.  Later, in overruling Mr. Jeffries' objection to the fact that the PSR did not credit him with acceptance of responsibility, the court stated that "I'm afraid under the circumstances as they exist at this moment, notwithstanding the statement of counsel or statement of the defendant, the defendant's objection is overruled."  Id. at 15, lines 11-14.  This transcript from the first sentencing hearing does not give this court the certainty to declare that, had the government honored its plea agreement, or had Mr. Jeffries' counsel objected to the prosecutor's breach, the pendulum would not have swung in favor of Mr. Jeffries on the issue of acceptance of responsibility.

Had Mr. Jeffries been given such credit, his total offense level would have been 35, not 38.  With a criminal history category of III, his USSG range would have been 210 to 262 months imprisonment.  This is less than he received at the first or second sentencing hearings.  There is no overlap between the USSG range calculated with credit for acceptance of responsibility and the sentence Mr. Jeffries actually received, from either the first or second sentencing judge.

The government in its motion in this § 2255 case also argues that the fact that Mr. Jeffries was sentenced a second time by a different district court leads to the inescapable conclusion that Mr. Jeffries can show no prejudice from his counsel's earlier error at the first sentencing hearing.  After all, argues the government, Mr. Jeffries is not alleging an ineffective assistance of counsel claim arising out of his second sentencing.  Thus, in the government's

27

estimation, the second sentencing hearing acts as a kind of "firewall," sealing off any errors from the first sentencing hearing and preventing Mr. Jeffries from showing prejudice.  Again, the court does not agree.

Mr. Jeffries counsel could not have raised the issue of the prosecutor's breach of the plea agreement at the second sentencing hearing. And therein lies the fallacy of the government's argument.  The law of the case doctrine, once the Eighth Circuit decided his first appeal, forever sealed the decision (during direct proceedings on the conviction) regarding the prosecutor's breach of the plea agreement.  See CR. 07-50103, Docket No. 81, Hearing Following Remand, page 3, lines 1-22 (second sentencing court and Mr. Jeffries' counsel agreeing that the law of the case precluded any further consideration of the acceptance of responsibility issue or breach of the plea agreement); United States v. Castellanos, 608 F.3d 1010, 1016 (8th Cir. 2010); United States v. Callaway, 972 F.2d 904, 905 (8th Cir. 1992) (per curiam) (both holding that when appellate court remands a case to district court, all issues decided by appellate court become law of the case, and district court on remand must adhere to any limitations imposed on its function by appellate court).

Mr. Jeffries' counsel could not have raised this issue in the second sentencing hearing.    See CR. 07-50103, Docket No. 81, Hearing Following Remand, page 3, lines 1-22; ; Castellanos, 608 F.3d at 1016; Callaway, 972

28

F.2d at 905.   And if he had, the second sentencing court would have been bound to adhere to the Eighth Circuit's prior decision:  i.e. that Mr. Jeffries had suffered no "plain error" as a result of a putative breach of the plea agreement.[10]  <u>Castellanos</u>, 608 F.3d at 1016; <u>Callaway</u>, 972 F.2d at 905.

Clarifying what is being decided in this report, the court has not decided and is not determining that Mr. Jeffries is entitled to habeas relief.  What the court is deciding is that the court cannot conclude–on the state of the law and the pleadings as they appear presently–that there is no possible way Mr. Jeffries can demonstrate an entitlement to habeas relief.  Instead, with regard to the allegation of ineffective assistance of counsel for failure to object to the prosecutor's breach of the plea agreement at the first sentencing hearing, the court concludes that an evidentiary hearing is necessary.  At that hearing, Mr. Jeffries will have the burden of introducing evidence as to whether his trial counsel performed deficiently (below the standards expected of reasonable attorneys in the same circumstances), and whether Mr. Jeffries was prejudiced by that deficient performance.

---

[10]The remand in this case was specific, not general.  <u>See</u> <u>Jeffries</u>, 569 F.3d at 877.  The district court was directed to consider the specific issue of whether Mr. Jeffries' prior conviction involved a minor for purposes of USSG 4B1.5(a).  <u>Id.</u>  This is different from a general remand which "wipes the slate clean" and does "not place any limitations on the discretion of the newly assigned district court judge in resentencing."  <u>United States v. Ross</u>, 640 F.3d 1269, 1271 (8th Cir. 2011).

## CONCLUSION

Based on the above-cited facts and law, this court recommends that the government's motion to dismiss all of petitioner Brian Jeffries' claims for habeas relief pursuant to 28 U.S.C. § 2255 [Docket No. 9] be granted in part and denied in part.  All of Mr. Jeffries' claims are recommended to be dismissed with prejudice except one.  The one claim this court recommends not dismissing is the claim that Mr. Jeffries was denied effective assistance of counsel under the Sixth Amendment because his trial counsel failed to object to the prosecutor's breach of the plea agreement at his first sentencing hearing.  The court further recommends that an evidentiary hearing be held on this one issue and that counsel be appointed to represent Mr. Jeffries for that hearing.

The issues of scheduling for an evidentiary hearing and appointment of counsel for Mr. Jeffries for that hearing will be taken up by this court after resolution by the district court of objections to this report and recommendation, if any.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)(B), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require *de novo* review by the

district court.  <u>See</u> <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

Dated September 22, 2011.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

31