UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN JEFFRIES, | ) | Civ. 11-5033-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER ADOPTING IN PART AND |
| | ) | REJECTING IN PART REPORT |
| UNITED STATES OF AMERICA, | ) | AND RECOMMENDATION AND |
| | ) | DENYING MOTION |
| Respondent. | ) | |

Petitioner, Brian Jeffries, filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States moves to dismiss Jeffries' motion without the benefit of an evidentiary hearing. This court referred Jeffries' case to Magistrate Judge Duffy for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Duffy submitted her report on September 22, 2011, and recommended that the majority of Jeffries' claims be dismissed with prejudice, but that an evidentiary hearing be held on his claim that his counsel was ineffective when he failed to object to the prosecutor's breach of the plea agreement during Jeffries' first sentencing hearing.

De novo review is required for any objections that are timely and specific. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990). The United States timely objected to Judge Duffy's finding that Jeffries is entitled to an evidentiary hearing on his claim that his counsel was ineffective when he failed to object to the prosecutor's breach of the plea agreement at his first sentencing hearing.

The United States contends that the prosecutor did not breach the plea agreement because Jeffries' own conduct would have permitted the prosecutor to withdraw the recommendation for acceptance of responsibility. Because the prosecutor did not breach the plea agreement, the United States contends that Jeffries' counsel was not ineffective in failing to object.

## FACTUAL BACKGROUND

Jeffries was indicted on two charges of aggravated sexual abuse of two minor children who were over the age of 12 but under the age of 16. *See* CR 07-50103, Docket 1. Jeffries later entered into a written plea agreement with the government, which allowed him to plead guilty to a single count of abusive sexual contact of a child in violation of 18 U.S.C. §§ 1153, 2244(a)(6), and 2246(3). CR Docket 20. The government agreed to recommend a three-point reduction in Jeffries' base offense level for acceptance of responsibility unless "there is significant evidence disclosed in the presentence report to the contrary." *Id.* at 2, ¶ 4. Both Jeffries and the government stipulated that they would argue for a sentence within the United States Sentencing Guidelines range.

A written statement of factual basis accompanied the plea agreement. CR Docket 23. In the factual basis, Jeffries agreed that he had used force to touch the victim's genitals under her clothing. *Id.* But after he signed the agreement and before he entered a guilty plea, Jeffries sent a letter to the court informing it of "the actual facts in his case." CR Docket 37. In the letter, Jeffries admitted

2

that his actions were wrong because of the age difference between him and the victim, but he denied using force and insisted that the relationship was consensual. *Id.* Jeffries also argued that "that there was no rape on the date the alleged victim states" and that he and the victim "had consensual sex in [his] car." *Id.* The court questioned Jeffries about the letter at his change of plea hearing. CR Docket 52, Transcript of Plea, at 2-7. At the hearing, Jeffries asked the court to disregard the letter and reaffirmed the factual basis statement. *Id.* Jeffries testified that he had read the written plea agreement and the statement of factual basis before he signed it and he had reviewed these documents with his lawyer. *Id.* at 10. But when the Presentence Investigation Report (PSR) was being prepared in anticipation of sentencing, Jeffries sent a similar letter to the probation office.

On July 30, 2008, Jeffries was sentenced. The PSR calculation for Jeffries' USSG range did not include the three-point downward adjustment for acceptance of responsibility as contemplated by the plea agreement. The author of the PSR did not apply the acceptance of responsibility adjustment because of the two letters Jeffries had written. CR Docket 54, Transcript of Sentencing Hearing, at 3-5. Jeffries' attorney objected to this and explained that Jeffries never denied that he acted unlawfully. *Id.* Rather, Jeffries wrote the letters to explain the context in which the crime occurred, so the court would not think he committed the crime "out of the blue." *Id.*

3

The court then asked the government to respond to Jeffries' objection. The Assistant United States Attorney was equivocal. She responded that "my hands are somewhat tied, given the plea agreement." *Id.* at 6. The Assistant United States Attorney continued to discuss the contents of the letter and concluded by stating:

> I believe the Court is on firm ground in not giving acceptance based on what his interview was with probation and her interpretation of that interview based on his words in the letter. But, Your Honor, based on our plea agreement I feel that the government cannot support that without some more significant evidence, so we leave it up to the court's good judgment.

*Id.* at 7. Despite her conclusion that the government did not have "significant evidence" demonstrating that Jeffries did not accept responsibility for his crime, the Assistant United States Attorney did not at any point affirmatively recommend that Jeffries be given the acceptance of responsibility reduction. Jeffries' attorney did not object to this omission.

The court then stated that the two positions were miles apart; in the factual basis statement Jeffries indicated that there was forcible sexual contact with the victim but "since his guilty plea, the defendant has denied his culpability for the crime to which he pled guilty and has tried to present a picture to this court of a consensual sexual encounter." *Id.* at 7.[1] Jeffries

---

[1] Magistrate Judge Duffy's report and recommendation interpreted this exchange differently. Judge Duffy recited the quote as follows: "I am unhappy that the two positions [of Mr. Jeffries and the government] are so far apart that it makes it an unusual situation, to say the least." Report at 26, quoting CR Docket 54 at 6. The United States objected to this characterization of the

4

attorney indicated that Jeffries would clarify his statements for the court if

necessary. When asked about the government's position, the Assistant United

States Attorney replied that:

> The defendant seems to put an awful lot of responsibility on the
> part of the victim. And he's indicated no remorse, only remorse for
> being caught and being charged with these things, et cetera. And I
> think that the court, again, is on firm ground to look at those
> thoughts of the defendant in determining whether or not he's truly
> accepted responsibility for his actions with this young girl.

*Id.* at 11. Jeffries then made a statement to the court. Jeffries explained that:

> What I meant to do was let the court know that there was a past
> between me and the victim, but on this particular occasion, which
> I thought would be separate, I just wanted the court to know that
> this has been happening in the past . . . yes, I did have forcible
> intercourse with Miss L.H., and I accept responsibility for it, and I
> am very – I am really upset with myself for not choosing to do the
> right thing . . . I accept full responsibility for my actions and I feel
> bad for the victim.

*Id.* at 12. The court then ruled on Jeffries' objection and found that "[s]ince his

guilty plea, defendant has denied his culpability for the crime to which he pled

guilty and has tried to present a picture to this court of a consensual sexual

encounter." *Id.* at 15. Thus, the court found that Jeffries was not entitled to a

reduction for acceptance of responsibility.

On appeal, Jeffries argued that the government breached the plea

agreement by failing to affirmatively recommend that he receive credit for

---

quote, noting that it refers to the two positions Jeffries took, i.e., the factual
basis statement and his letters to the court and probation. After reviewing the
transcript, it appears that the court is referencing Jeffries' positions.

acceptance of responsibility under the USSG. *See United States v. Jeffries*, 569 F.3d 873, 874 (8th Cir. 2009). Because Jeffries' counsel did not object to the prosecutor's comments at his sentencing, the issue was reviewed for plain error, rather than the de novo review it would have received if Jeffries' attorney had objected. *Id.* at 875-76. *See also United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004) ("Issues concerning the interpretation and enforcement of a plea agreement are reviewed de novo."). The Eighth Circuit Court of Appeals noted that the facts "present a close question on whether there was an error and, if so whether that error was clear or obvious." *Jeffries*, 569 F.3d at 876. The Eighth Circuit noted that, although the government was obligated to recommend a reduction for acceptance of responsibility, "[n]o such recommendation was made, and the government's arguments against the reduction could be considered as stronger than its argument for the reduction, which amounted to a simple acknowledgment of its previous commitment and a refusal to expressly support the denial." *Id.* But because of Jeffries' own conduct and the government's equivocal statement that Jeffries' letters did not constitute the significant evidence required for a repudiation of its duty to recommend acceptance, the Eighth Circuit found that any error was neither clear nor obvious. *Id.*

## DISCUSSION

A petitioner is entitled to an evidentiary hearing on his § 2255 claim unless "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief." 28 U.S.C. § 2255. No hearing is required where "the claim is inadequate on its face[.]" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). But "[w]here petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.' " *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (quoting *Shaw*, 24 F.3d at 1043)).

The Sixth Amendment "right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 698 (1984). Whether Jeffries' counsel's performance was ineffective is determined by the two-part test set forth in *Strickland.* Jeffries must show that his trial counsel's performance was both professionally deficient and that it prejudiced him. *Id.* at 687. Because of the problems inherent in hindsight analysis, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005). To show prejudice, Jeffries must demonstrate that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Jeffries claims that his attorney was deficient in failing to object to the prosecutor's breach of the plea agreement during his first sentencing hearing. Under the plea agreement, the government was obligated to affirmatively recommend that Jeffries receive a three point downward adjustment in his base

7

offense level for acceptance of responsibility, unless there is "substantial evidence to the contrary" disclosed in the presentence investigation. *See* CR 07-50103, Docket 22, at 2, ¶ 4. The United States argues that Jeffries' attorney was not ineffective in failing to object because Jeffries' own conduct would have disqualified him from the acceptance of responsibility reduction.

"Plea agreements are contractual in nature and should be interpreted according to general contractual principles." *DeWitt*, 366 F.3d at 669. Where a plea agreement is ambiguous, any ambiguities are construed against the government. *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). "Allowing the government to breach a promise that induced a guilty plea violates due process." *United States v. E.V.*, 500 F.3d 747, 751 (8th Cir. 2007). "[W]ith respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights–to concerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." *United States v. Jensen,* 423 F.3d 851, 854 (8th Cir. 2005) (internal citations omitted).

Although a less than enthusiastic recommendation does not constitute a breach of a plea agreement, the government is obligated to make the recommendation. *See United States v. Yellow*, 627 F.3d 706, 709 (8th Cir. 2010) ("[T]he government's lack of enthusiasm when making a recommendation does not constitute a breach of the plea agreement."). But after a plea agreement has

8

been signed, a defendant does not "have a license after his factual basis statement and plea acceptance to then say or do whatever he wish[es] with no fear of having to meet an argument that he should nonetheless be denied acceptance of responsibility." *United States v. Smith*, 590 F.3d 570, 578 (8th Cir. 2009). A defendant's conduct, however, does not permit the government to breach the plea agreement. If the government learns that a defendant has breached a plea agreement, "it must choose between withdrawing from the agreement or keeping its promise." *United States v. Gomez*, 271 F.3d 779, 782 (8th Cir. 2001). In this case, the government did neither. And Jeffries' attorney then failed to object to this breach.

The government contends that because Jeffries' own conduct would have permitted the prosecutor to withdraw any recommendation for acceptance of responsibility, its failure to recommend a reduction did not breach the agreement. Thus, the government reasons that Jeffries' attorney's failure to object was not professionally deficient and did not prejudice him.

The Eighth Circuit Court of Appeals encountered a similar set of facts in *United State v. Janis*, 71 F.3d 308 (8th Cir. 1995). The defendant pleaded guilty to sexual abuse of a minor. *Id.* at 310. The plea agreement provided that the United States would recommend a reduced sentence for acceptance of responsibility "unless there is significant evidence disclosed in the presentence investigation to the contrary." *Id.* The PSR disclosed that the defendant told the presentence writer that "[he] never touched the victim" and that he agreed to

9

plead guilty because his brother and sister would have testified against him. *Id.*
This information was disclosed for the first time to the government and the
court in the PSR. *Id.* Based on this information, the government did not
recommend a reduction. *Id.* The district court denied the acceptance of
responsibility adjustment and the Eighth Circuit affirmed, finding that the
government was not obligated to recommend an acceptance of responsibility
reduction on these facts. *Id.* at 311.

Jeffries' conduct is even more egregious than that of the defendant in
*Janis*. Jeffries has *repeatedly* denied responsibility for his crime. In his initial
letter to the court, Jeffries insisted that the sexual contact was consensual,
accused the victim and her friend of blackmailing him, and flatly stated that no
rape occurred. CR Docket 37, Letter to Judge Bogue. After he wrote the letter
denying his conduct to the court, Jeffries had an opportunity to explain himself
during his change of plea hearing. At his plea hearing, Jeffries was specifically
asked by the judge about his assertions that there was consensual sex, not
forcible contact. CR Docket 52, Transcript of Plea at 3. Jeffries asked the court
to disregard his letter, indicated he was satisfied with his representation, and
stated that he wanted to plead guilty. *Id.* at 5-6. But when he was interviewed
subsequently by the presentence writer, Jeffries *again* denied responsibility for
his crime and submitted a similar letter to the probation officer. Jeffries
continued to place the blame for his actions on the victim. During his
sentencing, Jeffries explained that, "[w]hat I meant to do was let the court know

that there was a past between me and the victim[.]"  CR Docket 54, Transcript of Sentencing Hearing, at 7. The sentencing court did not credit this explanation, but found that "[s]ince his guilty plea, [Jeffries] has denied his culpability for the crime to which he pled guilty and has tried to present a picture to this court of a consensual sexual encounter." *Id.* at 15. Thus, even if the government did breach the plea agreement, the court cannot conclude that Jeffries was prejudiced by his attorney's failure to object to the breach. Even if his attorney had preserved this error for appeal, the court cannot conclude that there is a reasonable probability that the Eighth Circuit Court of Appeals would have found in his favor. Moreoever, even if the Court of Appeals had found in Jeffries' favor on appeal, the remedy would be a resentencing. And there is not a reasonable probability that Jeffries would have received an acceptance of responsibility reduction at his resentencing. Thus, Jeffries has failed to show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. His ineffective assistance of counsel claim fails for this reason. Accordingly, it is

ORDERED that the United States' objections (Docket 16) to the report and recommendation are granted. The report and recommendation (Docket 11) is rejected in part and adopted in part.

IT IS FURTHER ORDERED that the United States' motion to dismiss (Docket 9) is granted. Jeffries' motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 (Docket 1) is denied without the benefit of an evidentiary hearing.

IT IS FURTHER ORDERED that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is granted on Jeffries' claim that he received ineffective assistance of counsel when his attorney failed to object to the government's breach of the plea agreement. The court finds that Jeffries has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2), 28 U.S.C. § 2255(d).

Dated December 27, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
CHIEF JUDGE